UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NASEER ALZUBAIDY | ) | CASE NO.: |
| On behalf of himself and all others | ) | |
| similarly situated, | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | **PLAINTIFF'S CLASS AND** |
| HAYA G, INC. | ) | **COLLECTIVE ACTION** |
| c/o Statutory Agent Arshad Gheith | ) | **COMPLAINT UNDER THE FAIR** |
| 27373 Tiller Drive | ) | **LABOR STANDARD ACT AND** |
| Olmsted Township, OH 44138 | ) | **OHIO LAW** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Nasser Alzubaidy, for his Class and Collective Action Complaint against Defendant Haya G, Inc., states and alleges as follows.

## INTRODUCTION

1.      This case challenges practices of Defendant by which it willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as corresponding provisions of state law.

2.      Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3.      Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related state-law claims.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7.      At all times relevant, Plaintiff Naseer Alzubaidy resided in this district and division.

8.      Defendant Haya G, Inc. is a corporation formed under the laws of Ohio. According to records maintained by the Ohio Secretary of State, Haya G, Inc.'s statutory agent for service of process is Arshad Gheith, 27373 Tiller Drive, Olmsted Township, OH 44138.

9.      Haya G's principal office is located at 29917 Sycamore Oval, Westlake, Ohio, within the geographic jurisdiction of this Court.

## FACTUAL ALLEGATIONS

### Defendant's Business

10.      Haya G provides delivery services as a FedEx contractor.  It operates a fleet of roughly 25 delivery vehicles out of the FedEx terminal in Twinsburg, Ohio.

11.      Almost the entire Haya G fleet consists of Chevrolet cargo vans with Gross Vehicle Weight Ratings ("GVWR") under 10,001 lbs.  Plaintiff operated one of the sub-10,001 lb. GVWR Chevrolet cargo vans almost every week.

12.      Haya G operates solely intrastate.  Employees never cross state lines in the course and scope of their employment.

13.      Haya G's exclusive delivery territory, and thus all of Haya G's delivery destinations, are located in zip codes 44143, 44121, 44124, all within Ohio, and all within the geographical jurisdiction of this Court.  All pickups are returned to the FedEx terminal in Twinsburg.

### Plaintiff's Employment by Defendants

14.      Plaintiff worked for the Defendant as a non-exempt vehicle driver, and his primary duty was delivering packages to residences.

15.      The Potential Opt-Ins and Ohio Class Members are likewise non-exempt delivery drivers for Defendant, with the primary duty of delivering packages to residences.

16.     Plaintiff Alzubaidy worked for Defendant from late 2013 through January 2021.

17.     If Plaintiff worked Monday through Friday, he was paid a flat wage per week.  That wage was $300 per week from his start date through roughly the beginning 2018, was bumped up to $500 per week in or around the beginning of 2018, bumped up again to $750 per week for a short period in 2018, then back down to $500 from December 2018 through the date of his departure from employment with Defendant.

18.     Plaintiff worked at least 45-50 hours most weeks.  If he missed a day of work for any reason, his weekly wage would be cut by 1/5th of that weekly wage.

19.     Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were at all times non-exempt employees entitled to overtime compensation as herein alleged.

20.     Defendant was the W-2 employer of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members, and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of state law.

### Defendant's Failure to Pay Minimum Wages and Overtime Compensation

21.     Plaintiff, the Potential Opt-Ins, and the Ohio Class Members frequently worked more than forty hours in a single workweek.

22.      The FLSA and Ohio law required Defendant to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members at least Ohio's minimum wage for all hours worked and overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek.

23.     However, the Defendant failed to pay them statutorily-required wages and overtime compensation.

24.     Defendant knew its employees were entitled to the unpaid wages and overtime compensation under the law, or acted in reckless disregard for whether its employees were so entitled.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

27.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations consist of:

> All current and former vehicle drivers for Defendant who worked during the period three years preceding the commencement of this action to the present.

28.     Such persons are "similarly situated" with respect to Defendant's FLSA violations.  All were subjected to and injured by Defendant's unlawful practice of failing to pay minimum wages and overtime compensation to its employees, and all have the same claims against Defendant for unpaid minimum wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

29.     Conditional certification of this case as a collective action pursuant to 29

U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-

authorized notice informing them of the pendency of the action and giving them the

opportunity to "opt in."

30.     Plaintiff cannot yet state the exact number of similarly-situated persons

but avers, upon information and belief, that they consist of more than one hundred such

persons.  Such persons are readily identifiable through the records Defendant

maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29

U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff incorporates by reference the foregoing allegations as if fully

rewritten herein.

32.     Plaintiff brings this case on behalf of himself and other members of a

proposed Ohio Class, defined as:

> All current and former vehicle drivers for Defendant who worked
> during the period three years preceding the commencement of this
> action to the present.

33.     The Ohio Class is so numerous that joinder of all Class Members is

impracticable.  Plaintiff cannot yet state the exact number of Class Members but avers,

upon information and belief, that they consist of more than one hundred persons.  The

number of Class Members as well as their identities are ascertainable from records

Defendant maintained, and were required to maintain, pursuant to the FLSA and Ohio

law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

34.    There are questions of law or fact common to the Ohio Class, including but not limited to:

a)    Whether Plaintiff and other Class Members were paid at least requisite minimum wages for all hours worked.

b)    Whether Plaintiff and other Class Members were paid overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

c)    Whether Plaintiff and other Class Members are entitled to unpaid minimum wages and/or overtime compensation, and in what amount.

d)    Whether Plaintiff and other Class Members are entitled to liquidated damages, and in what amount.

35.    Plaintiff's claims are typical of the claims of other members of the Ohio Class.  Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other Class Members.

36.    Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members.  Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

37.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage and Overtime Violations)

39.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40.     Plaintiff brings this claim for violation of the FLSA's minimum wage and overtime provisions on behalf of himself and the Potential Opt-Ins.  Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is filed herewith.

41.     The FLSA required Defendant to pay its non-exempt employees at least the minimum wage, and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

42.     Defendant failed to pay minimum wages and overtime compensation to Plaintiff and the Potential Opt-Ins in violation of the FLSA.

43.     By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

44.     As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to them pursuant to the FLSA.  Section 216(b) of the FLSA entitles them to an award of unpaid minimum wages and overtime compensation, as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Minimum Wage Violations)**

45.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46.     The Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, required Defendant to pay its employees at least the minimum wage.

47.     Defendant failed to pay minimum wages to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members, in violation of the OMFWA.  The OMFWA entitles them to "equitable and monetary relief" including "two times the amount of the back wages."

# COUNT THREE
### (Ohio Overtime Violations)

48.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

50.     The Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, required Defendant to pay overtime compensation at one and one-half times the employees' "regular rate" for all hours worked in excess of forty hours in a workweek. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee."  Ohio Rev. Code Ann. § 4111.03(A). (incorporating FLSA standards); 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117 (FLSA requirements incorporated by Ohio Rev. Code Ann. § 4111.03(A)).

51.     Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its employees when due.

52.     Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

53.     Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.  Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D.  Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E.  Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
4106 Bridge Ave.
Cleveland, Ohio 44113
216-308-1522
scott@tittlelawfirm.com

Counsel for Plaintiff

11

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)