IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NASEER ALZUBAIDY, | ) | CASE NO.: 1:21-cv-01514 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS PLAINTIFF'S** |
| HAYA G, INC. | ) | **AMENDED COMPLAINT WITH** |
| | ) | **PREJUDICE PURSUANT TO** |
| Defendant. | ) | **CIV. R. 12(B)(6)** |

Now comes Defendant Haya G, Inc. by and through undersigned counsel, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss Plaintiff's Amended Complaint with prejudice for failing to state a claim upon which relief can be granted for the reasons more fully set forth in the Brief in Support, attached hereto and incorporated herein.

                          Respectfully Submitted,

                          /s/ Brian A. Murray
                          LARRY W. ZUKERMAN, Esq. (0029498)
                          S. MICHAEL LEAR, Esq. (0041544)
                          BRIAN A. MURRAY, Esq. (0079741)
                          Zukerman, Lear & Murray Co. LPA
                          3912 Prospect Avenue East
                          Cleveland, Ohio 44115
                          (216) 696-0900 telephone
                          (216) 696-8800 facsimile
                          lwz@zukerman-law.com
                          sml@zukerman-law.com
                          bam@zukerman-law.com
                          Counsel for Defendant Haya G, Inc.

**BRIEF IN SUPPORT**

## I. STATEMENT OF THE CASE

Plaintiff's Amended Complaint continues to contain nothing more than conclusory statements that the Defendant "willfully" violated the Fair Labor Standards Act, Ohio's Fair Minimum Wage Amendment ("OMFWA"), and Ohio's overtime compensation statute. (Plaintiff's Amended Complaint, ¶1-68). As Plaintiff fails to set forth sufficient factual allegations in his Amended Complaint to raise his alleged right to relief above the speculative level, this Honorable Court must dismiss his Amended Complaint due to his failure to state a plausible claim for which relief can be granted.

## II. LAW AND ARGUMENT

### 1. Rule 12(B)(6) Standard of Review.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But "tenet that the court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Vague statements do not suffice because "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"As the Supreme Court explained, 'where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.'" *Estate of Barney v. PNC Bank, Natl. Ass'n*, 714 F.3d 920, 924-25 (6th Cir. 2013)(quoting *Iqbal*, 556 U.S. at 679).

### 2. PLAINTIFF'S FLSA AND STATE LAW CLAIMS CONTINUE TO FAIL UNDER THE STANDARD ANNOUNCED IN *TWOMBLY* AND *IQBAL*

This Honorable Court should find that Plaintiff has failed to state a claim upon which relief can be granted because his Amended Complaint consists of nothing more than bare assertions and legal conclusions that Defendant violated the FLSA' minimum wage and overtime provisions, the Ohio Fair Minimum Wage Amendment ("OMFWA"), and the Ohio overtime compensation statute. "Courts have adopted different approaches to evaluate the sufficiency of FLSA overtime claims." *Forrester v. American Security and Protection Service LLC*, 5:20-cv-204, 2021-WL-4134043, *3 (W.D. Ky September 9, 2021). "On the one hand, '[m]any courts have held that a plaintiff should at a minimum allege approximately the number of hours worked for which overtime wages were not received." *Id*. (citing *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 667-68 (D. Md. 2011)). "On the other hand, "[m]any courts have found the basic allegation that plaintiff worked overtime more than forty hours in a week and did not receive overtime compensation to be sufficient." *Id*. But even those cases that approve of the latter, more lenient approach, do not give plaintiffs a license to plead "factual allegations with little factual support" and have dismissed overtime claims that simply allege that a plaintiff worked for the defendant, were not paid, and were required to work in excess of forty hours a week as such bare allegations do not meet the *Twombly/Iqbal* pleading standard. *Id*. (citing *Anderson v. GCA Servs. Grp. Of N. Carolina, Inc.,* No. 1:15-cv-37, 2015 WL 5299452, at *4 (W.D. Ky. Sept. 9, 2015)).

In *Forrester*, supra, the district court granted the defendants' Civ.R. 12(b)(6) motion to dismiss a plaintiff's FLSA overtime claim upon holding that the plaintiff's

complaint contained the type of bare assertions that have repeatedly been held by courts to be insufficient. *Id*. The district court noted that the plaintiff simply claimed that she was employed from approximately March to November 2019, that she was required to perform unpaid pass down activities every workday, and that she routinely worked forty or more hours per workweek. *Id*.

In support of decision to dismiss the plaintiff's complaint, the district court in *Forrester* reasoned that the plaintiff's complaint failed to contain any information about the specific weeks that she worked overtime, the length of her average workweek during the applicable period, or an approximation of the number of overtime hours worked. *Id*. The district court further reasoned that while the plaintiff provided her average rate of pay, that information alone was not enough to permit to the court to find her claim to be plausible. In further support of its decision, the district court noted that "[a] plaintiff may establish a plausible claim" by estimating "the average rate at which she was paid" *and* "the length of her average workweek during the applicable period.")(citing *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)). Accordingly, upon finding that the plaintiff merely recited the base statutory elements of a FLSA claim and failed to sufficiently plead facts supporting a claim for unpaid overtime under the FLSA, the district court dismissed the plaintiff's claim as it failed to meet the plausibility requirement. *Id*. at *4.

Similarly, in the present matter, this Honorable Court should dismiss Plaintiff's Amended Complaint due to his failure to plead sufficient facts to support his bare assertions and legal conclusions that Defendant violated the FLSA' minimum wage and overtime provisions, the Ohio Fair Minimum Wage Amendment ("OMFWA"), and the

Ohio overtime compensation statute. Plaintiff's Amended Complaint fails to set forth any alleged facts setting forth what Ohio's minimum wage was during the time period relevant to this case and how the wages Defendant allegedly paid him during said time period failed to satisfy the FLSA' minimum wage and/or Ohio's minimum wage requirements.

Accordingly, this Honorable Court should grant Defendant Civ. R. 12(b)(6) motion to dismiss Plaintiff's Amended Complaint upon finding that Plaintiff has failed to state a claim upon which relief can be granted because his Amended Complaint consists of nothing more than bare assertions and legal conclusions that Defendant violated the FLSA' minimum wage and overtime provisions, the Ohio Fair Minimum Wage Amendment ("OMFWA"), and the Ohio overtime compensation statute

### 3. PLAINTIFF'S AMENDED COMPLAINT FAILS TO CONTAIN THE PRIMA FACIE ELEMENTS OF A FLSA CLAIM

This Honorable Court should dismiss Plaintiff's FLSA claims because Plaintiff has failed to plead the prima facie elements of a FLSA claim his Amended Complaint reflects that Defendant and its employees only operate intrastate. (Plaintiff's Amended Complaint, ¶12). "FLSA complaints must contain factual allegations of a claim's prima facie elements." *Gibbs v. Sedgwick Claims Management Services, Inc.*, 2:21-cv-2153, 2022 WL 26688, *2 (W.D. Tenn. Jan. 3, 2022)(citing *Roberts v. Corr. Corp. of Am.*, No. 3:14-cv-2009, 2015 WL 3905088, at *7-8 (M.D. Tenn. June 25, 2015); *Kutzback v. LMS Intellibound, LLC*, No. 13-cv-2767, 2014 WL 12843044, at *2 (W.D. Tenn. Sept. 5, 2014)). "The prima facie elements of a FLSA overtime claim are: 1) that an employer-employee relationship existed; 2) that the employer or its employees engaged in interstate commerce; 3) that the employee worked more than forty hours in a work week; and 4)

that overtime was not paid." *Id*. (citing *Grubbs v. D&S Residential Servs., LP,* No. 2:20-cv-75, 2020 WL 701, 5052, at *3 (E.D. Tenn. Sept. 3, 2020)).

As Plaintiff's Amended Complaint fails to allege any facts establishing that either the Defendant or Defendant's employees were engaged in interstate commerce, Plaintiff has failed to plead a prima facie case for a FLSA violation. Accordingly, this Honorable Court should dismiss Plaintiff's FLSA claims.

### 4. A TWO-YEAR STATUTE OF LIMITATIONS APPLIES TO PLAINTIFF'S FLSA CLAIMS.

"Ordinary violation of the FLSA are subject to" a two-year statute of limitations under 29 U.S.C. § 255. *McLaughlin v. Richland Show Co.,* 486 U.S. 128, 135 (1988). Only in extraordinary cases, where the plaintiff pleads and proves the employer's violation was "willful," will the limitations period extend to three years. See *Id*. Willfulness exists if the employer knew, or showed "reckless disregard" for the possibility that, the FLSA prohibited its actions. *Id*. at 133. "Reckless disregard" means more than simply an error in judgment, or an "unreasonable" decision. *Id*. at 133-35. Mere ignorance or negligence by an employer cannot permit a finding of willfulness; willful violations are generally found in cases when an employer had information that its practices were illegal. See Ellen C. Kearns, et al, The Fair Labor Standards Act § 16.VII.C.2.a, p. 16-74 (2015)(willfulness is typically found where the employer ignored warnings it was out of compliance, destroyed or withheld records, split employees' hours between two companies' books to conceal overtime work, ignored direct information from an administrative agency, or ignored internal audits or memoranda showing possible violations).

Thus, to state a claim for willfulness, a plaintiff "must do more than make the conclusory assertion that a defendant acted willfully" and invoke the three-year willfulness exception to a two-year statute of limitations. *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014)(applying plausibility pleading standard to establishing wilfulness in cases under the FMLA, which is structurally analogous to the FLSA and adds one year to the applicable statute of limitations for willful violations); *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2nd Cir. 2021)(adopting *Crugher's* reasoning due to the analogous statutory structure between the FMLA and FLSA, and holding "FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage."). To survive a motion to dismiss, "[a]llegations of willfulness must be far stronger than a mere allegation that a defendant 'knew or had reason to know' of is alleged FLSA violations." *Schneck v. Maxim Healthcare Servs., Ltd.*, 333 F. Supp. 3d 751, 758 (N.D. Ohio 2018)(citation and quotation omitted). To defeat at Rule 12(b)(6) motion to dismiss, a plaintiff must instead plead facts about the defendant's mental state that, if true, make the state-of-mind allegation plausible on its face. *Id*. at 759.

In *Woods v. First Transit, Inc.*, 1:21-cv-0739, 2021 WL 4661662, *9-10 (N.D. Ohio Oct. 7, 2021), the district court partially granted a defendant's 12(b)(6) motion to dismiss upon holding that the plaintiffs failed to plead facts plausibly suggesting any willful violations of the FLSA on the defendant's part and accordingly ruled that the statute of limitations governing the plaintiffs' FLSA claims was limited to two years. The district court in *Woods* supported its decision by stating that the plaintiffs'

allegations of willfulness were nothing more than legal conclusions as the plaintiffs failed to set forth any facts regarding the defendant's mental state. *Id*. at *9.

The district court in *Woods* noted that the plaintiffs alleged – without any factual support – that defendant knew it failed to pay its fixed-route drivers legally mandated wages for work they performed with defendant's knowledge and for its benefit. *Id*. The district court also noted that the plaintiffs alleged that the defendant "intentionally" violated the FLSA by maintain certain policies and procedures "that knowingly deny its drivers overtime wage payments," but allege no facts that plausibly suggest any intent or knowledge on the defendant's part. *Id*. The district court further noted that the plaintiffs alleged that by requiring drivers to perform pre-/post-shift work, as well as to work through some or all of their uncompensated meal breaks, defendant acted with "willful and reckless disregard" for plaintiffs' rights under the FLSA. *Id*. The district court stated "[a]gain, plaintiffs fail to support this conclusory assertion that defendant acted with 'willful and reckless disregard' with any facts about the defendant's mental state." *Id*.

Accordingly, the district court in *Woods* reasoned that because the plaintiffs pleaded only conclusory assertions about defendant's willfulness and "failed to plead any state-of-mind allegations that are plausible on their face, the complaint's allegations of willfulness are insufficient to meet the *Iqbal/Twombly* pleading standard." *Id*. The district court subsequently held that the plaintiff's FLSA claim was limited to a two-year period. *Id*.

Similarly, in the present matter, this Honorable Court should find that Plaintiff's conclusory allegations of the defendant's alleged willfulness are insufficient to meet the *Iqbal/Twombly* pleading standard and that his FLSA claim is limited to a two-year time

period. As Plaintiff's Amended Complaint fails to set forth any factual support that plausibly suggests any intent or knowledge on the Defendant's part, this Honorable Court must limit his FLSA claim to two-years.

### 5. A TWO-YEAR STATUTE OF LIMITATIONS APPLIES TO PLAINTIFF'S STATE LAW CLAIMS.

Plaintiff's Ohio Class definition relies upon a three-year statute limitations which is impermissible under Ohio law as there is no willful violation exception under Ohio law. Accordingly, Plaintiff's state law claims must be limited to a two-year period. "Under Ohio's overtime pay statute, O.R.C. 4111.01, the statute of limitations is two years, with no exception for willful violations." *Woods v. First Transit, Inc.*, 1:21-cv-0739, 2021 WL 4661662, *10 (N.D. Ohio Oct. 7, 2021)(citing *Terry v. Pro-Mark Contracting, LLC,* No. 1:14-cv-2542, 2016 WL 3421399, at *5 (N.D. Ohio Jun. 22, 2016)(citing Ohio Rev. C. § 2305.11; *State ex rel. Gingrich v. Fairfield City Schools*, 18 Ohio St. 3d 244 (1985)). *See also Malee v. Anthony & Frank Ditomaso, Inc.*, No. 1:16-cv-490, 2018 WL 2938970, at *1 (Ohio's Minimum Wage Act has a two year limitation period. That limitation period does not increase to three years for willful conduct unlike the FLSA.")).

Ohio Rev. C. § 2305.11 sets forth, in relevant part:

> An action … by and employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued.

*Id*.

In *Woods*, the district court agreed with the defendant and held that the plaintiffs' claims that the defendant violated the Ohio Fair Minimum Wage Amendment

("OMFWA") were subject to the two-year limitation period, with no exceptions for alleged willful violations. *Id.* (citing *Malee*, 2018 WL 2938970, at *1). Accordingly, the district court granted the defendant's partial motion to dismiss Plaintiff's complaint pursuant to Civ.R. 12(b)(6).

Similarly, in the present matter, Plaintiff impermissibly attempts to set forth an Ohio Class definition that relies upon a three-year statute of limitations. Plaintiff specifically avers in his Amended Complaint that he "brings this case on behalf of himself and other members of a proposed Ohio Class, defined as:

> All current and former vehicle drivers for Defendant who worked ***during the period three years preceding*** commencement of this action to the present.

(Plaintiff's Amended Complaint, ¶47) (emphasis added).

Thus, this Honorable Court should grant Defendant's motion to dismiss as Plaintiff impermissibly attempts to set forth an Ohio Class definition that relies upon a three-year statute of limitations

WHEREFORE, Defendant Haya, G, Inc. respectfully asserts that this Honorable Court should dismiss Plaintiff's Amended Complaint with prejudice pursuant to Federal Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

Respectfully Submitted,

/s/ Brian A. Murray
LARRY W. ZUKERMAN, Esq. (0029498)
S. MICHAEL LEAR, Esq. (0041544)
BRIAN A. MURRAY, Esq. (0079741)
Zukerman, Lear & Murray Co. LPA
3912 Prospect Avenue East
Cleveland, Ohio 44115
(216) 696-0900 telephone
(216) 696-8800 facsimile
lwz@zukerman-law.com

sml@zukerman-law.com
bam@zukerman-law.com
Counsel for Defendant Haya G, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2022, a copy of the forgoing Defendant's Motion to Dismiss Plaintiff's Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Brian A. Murray
BRIAN A. MURRAY, Esq.