UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NASEER ALZUBAIDY<br>On behalf of himself and all others<br>similarly situated,<br><br>      Plaintiff,<br>v.<br><br><br>HAYA G, INC.<br>29917 Sycamore Oval<br>Westlake, OH 44145<br><br>and<br><br>ARSHAD GHEITH<br>29917 Sycamore Oval<br>Westlake, OH 44145<br><br>      Defendants. | CASE NO.: 1:21-cv-01514<br><br>JUDGE BRIDGET BRENNAN<br><br><br>**PLAINTIFF'S SECOND AMENDED<br>CLASS AND COLLECTIVE<br>ACTION COMPLAINT UNDER<br>THE FAIR LABOR STANDARD<br>ACT AND OHIO LAW** |

Plaintiff Naseer Alzubaidy, for his Second Amended Class and Collective Action Complaint against Defendant Haya G, Inc. ("Haya G"), and adding Defendant Arshad Gheith, states and alleges as follows.

## INTRODUCTION

1. This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as corresponding provisions of state law.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related state-law claims.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants both reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Naseer Alzubaidy resided in this district and division.

8. Defendant Haya G is a corporation formed under the laws of Ohio. According to records maintained by the Ohio Secretary of State, Haya G's statutory agent for service of process is Arshad Gheith, 27373 Tiller Drive, Olmsted Township, OH 44138.

9. Haya G's principal office is located at 29917 Sycamore Oval, Westlake, Ohio, within the geographic jurisdiction of this Court.

10. Defendant Arshad Gheith is the owner, operator, and principal manager of Haya G.

11. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12. Defendants were also an enterprise engaged in commerce, and in the handling of goods moved interstate within the meaning of 29 U.S.C. § 203(s)(1).

13. As a FedEx contractor, Defendants' drivers carried, and made deliveries of, goods and packages, many of which originated outside Ohio, and thereby affected interstate commerce.

14. Haya G's annual gross sales exceeded $500,000 for all years at issue in this matter.

## FACTUAL ALLEGATIONS

### Defendants' Business

15. Haya G provides delivery services as a FedEx contractor. It operates a fleet of roughly 25 delivery vehicles out of the FedEx terminal in Twinsburg, Ohio.

16. About 20 of those vehicles in the Haya G fleet are Chevrolet cargo vans and GMC Savanah 3500 trucks with Gross Vehicle Weight Ratings ("GVWR") under 10,001 lbs. Plaintiff operated one of the sub-10,001 lb. GVWR vehicles almost every day of his employment with Haya G.

17. Haya G's drivers operated solely intrastate. Haya G's exclusive delivery territory, and thus all of Haya G's delivery destinations, are located in zip codes 44143, 44121, 44124, all within Ohio, and all within the geographical jurisdiction of this Court. All pickups are returned to the FedEx terminal in Twinsburg, Ohio.

## Plaintiff's Employment by Defendants

18. Plaintiff worked for the Defendants as a non-exempt vehicle driver, and his primary duty was delivering packages to residences.

19. The Potential Opt-Ins and Ohio Class Members are likewise non-exempt delivery drivers for Defendants, all with the primary duty of delivering packages to residences, and all of whom operated vehicles under 10,000 lbs. GVWR in one or more workweeks.

20. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were, at all times, non-exempt employees entitled to overtime compensation as herein alleged.

21. Haya G was the W-2 employer of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members, and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of state law.

22. Arshad Gheith is also an "employer" pursuant to 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2) in that he was a "person [who] act[ed] directly or indirectly in the

4

interest of an employer," Defendant Haya, "in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members. As the owner, operator, and principal manager of Haya G, Defendant Gheith has complete operational control over all significant aspects of the company's operations and day-to-day functions, including the timekeeping practices and compensation of Haya G, Inc.'s employees. Defendant Gheith personally instituted, implemented, and oversaw the unlawful pay practices of the company described herein.

23. Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id*. Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions. *Id*.

24. Defendants are joint employers of Haya G's delivery drivers.

### Defendants' Failure to Pay Minimum Wages and Overtime Compensation

25. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members all recorded their deliveries and clocked in and out of work electronically on FedEx scanners.

26. Thus, the actual working hours of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were recorded and/or may be extrapolated and estimated, from those electronic FedEx scanner records.

27. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members all routinely worked over 40-hour workweeks for Defendants.

28. Plaintiff Alzubaidy worked for Defendants from late 2013 through January 2021.

29. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members frequently worked more than 40 hours in a single workweek.

30. In the case of Plaintiff, he worked more than 40 hours nearly every workweek.

31. With rare exception, Plaintiff worked 5 or more days per week and at least 45-50 hours each week. Many weeks, he worked over 60 hours.

32. Hence, Plaintiff Alzubaidy averaged at least 5-10 hours of overtime each week.

33. The Potential Opt-Ins and Ohio Class Members worked similar schedules to Plaintiff.

34. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were all paid a flat weekly wage.

35. Plaintiff's flat wage per week during the time period relevant to this case was as follows:

> (a) From August 2018 through January 18, 2019, Plaintiff's flat wage was $750;
>
> (b) From January 25, 2019 through March 18, 2019, his flat weekly wage was reduced to $350 per week;
>
> (c) From March 25, 2019 through the end of his tenure with Haya G, Plaintiff's flat weekly wage was increased $500.

36. Though Plaintiff, the Potential Opt-Ins, and the Ohio Class Members worked more than 40 hours nearly every week during their respective tenures for Defendants, they was still paid a flat wage as described in Paragraphs 34 and 35.

37. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were unlawfully never paid any overtime premium for hours over 40 in a workweek.

38. The FLSA and Ohio law required Defendants to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members at least Ohio's minimum wage for all hours worked and overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of 40 hours in a workweek.

39. Defendants knew the FLSA and Ohio law required them to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members at least Ohio's minimum wage for all hours worked.

40. Defendants also knew that the FLSA and Ohio law required them to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of 40 hours in a workweek.

41. However, the Defendants regularly failed to pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members statutorily-required wages and overtime compensation.

42. Defendants knew their employees were entitled to the unpaid wages and overtime compensation under the law, or acted in reckless disregard for whether its employees were so entitled.

43. Defendants also knew that they had no legal basis for failing to pay Plaintiff minimum wages for all hours worked, or had no good faith basis to believe otherwise.

44. For instance, Plaintiff had several weeks in 2021 during which he worked more than 56.81 hours, as recorded in, and revealed by, Defendants' and FedEx's scanner time records.

45. When Defendants compensated Plaintiff $500 for such workweeks, Defendants knew or had zero good faith basis to believe that it was entitled to pay Plaintiff less than Ohio's requisite minimum wage for all hours worked.

46. For the same workweeks as described above in Paragraphs 44 and 45, Defendant knew or had zero good faith basis to believe that it was excused from failing to pay Plaintiff overtime wages for hours worked over 40 in a workweek.

47. Like Plaintiff, the Potential Opt-Ins and Ohio Class Members were frequently paid under Ohio's requisite minimum wage during heavier workweeks, and were never paid an overtime premium, in violation of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

50. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All current and former vehicle drivers who worked for Haya G during the period three years preceding the commencement of this action to the present and who, in one or more workweeks, operated vehicles with Gross Vehicle Weight Ratings under 10,001 lbs.

51. Such persons are "similarly situated" with respect to Defendant's FLSA violations. All were subjected to and injured by Defendants' unlawful practice of failing to pay minimum wages and overtime compensation to its employees, and all have the same claims against Defendants for unpaid minimum wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

52. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

53. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of more than fifty such persons. Such persons are readily identifiable through the records Defendants maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

9

55. Plaintiff brings this case on behalf of himself and other members of a proposed Ohio Class, defined as:

> All current and former vehicle drivers who worked for Haya G during the period three years preceding the commencement of this action to the present and who, in one or more workweeks, operated vehicles with Gross Vehicle Weight Ratings under 10,001 lbs.

56. The Ohio Class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of more than fifty persons. The number of Class Members as well as their identities are ascertainable from records Defendants maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

57. There are questions of law or fact common to the Ohio Class, including but not limited to:

a) Whether Plaintiff and other Class Members were paid at least requisite minimum wages for all hours worked.

b) Whether Plaintiff and other Class Members were paid overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

c) Whether Plaintiff and other Class Members are entitled to unpaid minimum wages and/or overtime compensation, and in what amount.

d) Whether Plaintiff and other Class Members are entitled to liquidated damages, and in what amount.

e) Whether Defendant Gheith is a joint employer of Plaintiff and other Class Members.

10

58. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

59. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

60. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

61. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage and Overtime Violations)

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Plaintiff brings this claim for violation of the FLSA's minimum wage and overtime provisions on behalf of himself and the Potential Opt-Ins. Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) was previously filed with the Court.

64. The FLSA required Defendants to pay their non-exempt employees at least the minimum wage, and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

65. Defendants failed to pay minimum wages and overtime compensation to Plaintiff and the Potential Opt-Ins in violation of the FLSA.

66. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

67. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid minimum wages and overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff

12

or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Minimum Wage Violations)

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. The Ohio Fair Minimum Wage Amendment ("OMFWA"), Ohio Constitution art. II, § 34a, required Defendants to pay their employees at least the minimum wage.

70. Defendants failed to pay minimum wages to Plaintiff and the Ohio Class Members, in violation of the OMFWA. The OMFWA entitles them to "equitable and monetary relief" including "two times the amount of the back wages."

## COUNT THREE
### (Ohio Overtime Violations)

71. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

72. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

73. The Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, required Defendants to pay overtime compensation at one and one-half times the employees' "regular rate" for all hours worked in excess of forty hours in a workweek. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee." Ohio Rev. Code Ann. § 4111.03(A).

13

(incorporating FLSA standards); 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117 (FLSA requirements incorporated by Ohio Rev. Code Ann. § 4111.03(A)).

74. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its employees when due.

75. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

76. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
4106 Bridge Ave.
Cleveland, Ohio 44113
216-308-1522
scott@tittlelawfirm.com

Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)

PROOF OF SERVICE

    I certify that on this February 23, 2022 the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                             *s/ Scott D. Perlmuter*
                                             Scott D. Perlmuter (0082856)